CASE 54—PETITION EQUITY—MARCH 3.

# Board of Internal Improvements of Lincoln County v. Stanford and Logan Creek Turnpike Road Company.

### APPEAL FROM LOGAN CIRCUIT COURT.

RIGHT OF TURNPIKE COMPANY TO PREVENT OPENING OF LATERAL ROADS.—A provision in the charter of a turnpike road company that "it "shall not be lawful for the county court, or any other body-corporate or politic whatever, to open, or cause to be opened, any lateral public road or roads running from or to the same place within one mile of said turnpike road, and all and every such road now made shall be discontinued as soon as said turnpike road shall be opened," has reference only to such ordinary public roads as may be opened,

used and kept up by public authority, and does not refer to a turnpike road chartered and constructed by private enterprise; and this seems to be the meaning also of a similar provision in section 18 of chapter 110 of the General Statutes.

W. G. WELCH for appellant.

Plaintiff's road was built under an express contract with the State, that no other corporation should open any lateral public road running from and to the same place *within one mile* of said turnpike road. (Acts 1834-35, page 394.) By reason of this contract plaintiff has a vested interest of which the opening of defendant's proposed road would divest it.

HILL & McROBERTS and R. P. JACOBS of counsel on same side.

W. E. VARNON, W. H. MILLER, W. O. BRADLEY for appellee.

1. If the right to close this lateral turnpike is based on section 13 of chapter 110, General Statutes, the county court alone has jurisdiction. The prayer is, that defendant be restrained from *operating* its turnpike, and not from *building* it.

2. Appellant's charter was not intended to prevent the building of other turnpikes. Such a construction would render it unconstitutional as conferring special privileges. (Gordon v. Winchester, &c., 12 Bush, 110; Citizens' Gas Light Co. v. Louisville Gas Co., 81 Ky., 270; Commonwealth by, &c., v. Makibben, 12 Ky. Law Rep., 474.)

The Legislature can not covenant that it will not, under any circumstances, open another avenue for public travel within certain limits or in a certain time. (Greenleaf's Edition of Cruise on Real Property, vol. 2, p. 67; Redfield on Railways, vol. 1, p. 258.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was chartered as a turnpike company in 1834. The provision of another charter, which was made a part of the appellant's charter, is as follows: "That after said turnpike road shall be opened, it shall not be lawful for the county court, or any other body-corporate or politic whatever, to open, or cause to be opened, any lateral public road or roads running from or to the same place within one mile of

said turnpike road, and all and every such road now made shall be discontinued as soon as said turnpike road shall be opened."

Section 13, chapter 110, of the General Statutes, has a similar provision, except the county court is expressly authorized to order such road shut up, unless it runs not more than a mile from a town or city. The appellant complains that the appellee, a company organized under chapter 56, General Statutes, is about to build a turnpike road within a mile lateral to its turnpike road, and more than a mile in distance from the town of Stanford.

It appears that the appellee's proposed road is to be a turnpike road, constructed and operated as a private enterprise.

The provision of appellant's charter, *supra*, has reference to no such road; it has reference to such ordinary public roads as may be opened, used, and kept up by public authority. This is made manifest by the provision itself, because such road theretofore opened must be shut up, thereby showing that there was no reference to a turnpike road chartered and constructed by private enterprise. Such road could not be suppressed for the benefit of a new enterprise of the same sort. Besides, the provision of the General Statutes, *supra*, tends to illustrate the meaning of said provision as indicated.

The judgment is affirmed.